# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GWENDOLYN JOHNSON, :

            Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
            Defendant. :

Case No. 3:08-cv-274

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's request, pursuant to the Social Security Act, 42 U.S.C. § 405, for judicial review of the Commissioner's decision. (Doc. 1). The parties have fully briefed the issues, (Doc. 15, 19), and the matter is ripe for Report and Recommendations.

As Plaintiff notes, "[t]his is an unusual case" because there is no dispute that Plaintiff is disabled and that she has been disabled during the entire pertinent time. (Doc. 15 at 1). Plaintiff alleges that the only issue is that of the effective date of her application for Disability Insurance Benefits ("SSD"). Plaintiff's position is that the Commissioner's decision should be reversed and the matter remanded so that the Commissioner can make findings about whether she has established a "misinformation claim' and was therefore entitled to a deemed filing date of July 23, 2002. *Id.* In opposition, the Commissioner argues that a review of the record establishes that Plaintiff failed to specifically raise the issues of a misinformation claim or deemed application date at any point before

Administrative Law Judge David Redmond issued his decision. (Doc. 19).

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

Failure to consider the record as a whole undermines the Commissioner's conclusion. *Hurst v. Secretary of Health and Human Services,* 753 F.2d 517, 518 (6th Cir. 1985)(citation

omitted).

> In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is "substantial" only when considered in isolation. It is more than merely "helpful" for the ALJ to articulate reasons ... for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.

*Id.* at 519.

On January 4, 2005, Plaintiff filed an application for SSD with a protective filing date of December 30, 2004, alleging disability from November 1, 1984. (Tr. 146-52). Plaintiff's application was denied initially and on reconsideration. (Tr. 127-29; 132-34). A hearing was held before Judge Redmond, (Tr. 426-45), who determined that based on her testimony and earnings record, Plaintiff had performed substantial gainful activity until July 31, 2002, and therefore was not entitled to a period of disability for any period between November 1, 1984, and July 31, 2002. (Tr. 114-21). Judge Redmond also found that Plaintiff was disabled commencing August 1, 2002, when she stopped working. (Tr. 114-21). The Appeals Council denied Plaintiff's request for review, (Tr.104-10), and Judge Redmond's decision became the Commissioner's final decision. The Appeals Council also denied Plaintiff's subsequent request to reopen Judge Redmond's decision. (T. 5-6).

On her application, Plaintiff stated that she had not filed a previous application for benefits. (Tr. 147). In response to Plaintiff's request for hearing, the office manager for the Social Security Administration's ("the agency") Dayton, Ohio, Office of Hearings and Appeals sent Plaintiff's counsel a letter dated September 23, 2005, advising counsel that the Administrative Law Judge ("ALJ") would consider the issues that counsel and his client raised and that "[t]he Notice of Hearing will state the issues the ALJ plans to consider at the hearing." (Tr. 122-23). The agency

3

also advised Plaintiff's counsel that he could submit additional evidence. *Id.*

By way of letter dated September 27, 2007, Plaintiff's counsel submitted to the agency's hearing office a copy of a notice of disability retirement allowance from Plaintiff's former employer. (Tr. 218-22). In addition, counsel submitted a copy of a July 11, 2002, appointment confirmation which Plaintiff had received from the agency's San Rafael, California, office. *Id.* That confirmation indicates that Plaintiff had an appointment in that office on July 23, 2002, at 11:00 a.m. *Id.* In the September 27, 2007, letter Plaintiff's counsel indicated that Plaintiff "filed a prior application for DDS benefits in 2002 in San Rafael, CA." and requested that the agency review Plaintiff's 2002, claim and to contact her (counsel's) office when that file was available for review. *Id.*

On November 1, 2007, Judge Redmond sent to Plaintiff a Notice of Hearing advising Plaintiff that he (Judge Redmond) had scheduled her hearing for December 10, 2007. (Tr. 136-45). Judge Redmond outlined the issues that he would consider which included consideration of Plaintiff's January 4, 2005, application, whether Plaintiff had enough earnings to be insured for SSD, whether Plaintiff became disabled while she was insured for benefits, and whether Plaintiff was disabled under the Act. *Id.* Judge Redmond also advised Plaintiff that she could object to the issues in writing at "the earliest possible opportunity before the hearing", that she could submit additional evidence, and that she could review her file. *Id.* Judge Redmond sent a copy of his letter to Plaintiff's counsel. *Id.*

The following dialogue occurred between Judge Redmond and Plaintiff at the hearing:

Q. When did you first try to apply for Social Security Disability?

4

> A. When I retired in—I forgot, but it was the same month that I retired. July. It's the same month that I—and I made an appointment and called and put in for it and went down there to see them in July—no, wait. It was in the month of July, the middle of July. And they told me that I had everything, but my birth certificate was the old birth certificate that was black with white writing from Nashville, Tennessee and that's the only one I had and they wouldn't accept that. So when I moved back here to my home in Dayton and I had to apply for one out of Nashville, she said the one I had wasn't good. That's the only one I been using all my life. But it wasn't good enough.
>
> Q. Where else in your body today where you have pain?
>
> A. Neck—just my—and my hands now. ...

(Tr. 438).

On March 20, 2008, Plaintiff requested Appeals Council review of Judge Redmond's decision. (Tr. 111-13). On the form Request for Review of Hearing Decision/Order, Plaintiff stated, "The claimant remains disabled and disagrees with the onset date in the ALJ's decision." *Id.* In his letter in support of Plaintiff's request, Plaintiff's counsel wrote:

> The claimant disagrees with the Partially Favorable decision of the Administrative Law Judge solely to the extent that said decision finds she did not file her application for benefits until December 30, 2004.
> ...
> The appeal is being filed because the claimant made a good faith effort to file her application for benefits with Social Security on July 23, 2002, after she stopped working in California. (See attached July 11, 2002 Social Security Appointment Confirmation). At that time, she brought in her birth certificate and was told she could not apply because the birth certificate was not valid because it was handwritten. She was advised by Social Security to come back the following week with her passport, presumably because she would have needed a valid birth certificate to obtain a passport. She returned the following week with her passport and again made a good faith effort to apply for benefits, but this time was told even the passport would not suffice. She was told she needed to ask the state of her birth, Tennessee, for a new birth certificate. It required two years effort on her part to obtain a new birth certificate and then Social Security allowed her to

5

complete her application.

*Id.*

In a May 2, 2008, letter, Plaintiff's counsel again advised the Appeals Council that Plaintiff had filed her request for review in part because she had attempted to file an application in July, 2002, describing her efforts to do so. (Tr. 420-25). In addition, Plaintiff submitted additional evidence which included a receipt dated January 6, 2005, from "VCN Vital Records" for a copy of Plaintiff's birth certificate, a copy of a Tennessee Department of Health and Environment Tennessee Vital Records application and payment receipt dated December 4, 1990, a copy of Plaintiff's birth certificate issued on December 5, 1990, a copy of Plaintiff's birth certificate issued on January 6, 2005, and copies of two passports for Plaintiff one of which is stamped "cancelled" as of October 9, 2002, and the other of which was issued on October 9, 2002. *Id.*

The Appeals Council denied Plaintiff's request for review on May 30, 2008, (Tr. 104-09), stating in part:

> Your representative contends that although your application was filed December 30, 2004, you made a good faith effort to file a Social Security disability application in July 2002. Your representative indicates that you were told that you needed your birth certificate before you could file an application, and that it took you two years to obtain your birth certificate. However, a review of online records revealed no indication that you had attempted to file an application prior to December 2004. Your representative's argument does not provide a basis to change the Administrative Law Judge's decision.

(Tr. 105).

Plaintiff submitted additional medical evidence to the Appeals Council on June 25, 2008. (Tr. 7-103). On July 11, 2008, in a letter to Plaintiff's counsel the Appeals Council denied Plaintiff's request to reopen and change its prior decision stating in part: "You also indicated in a

6

letter dated May 2, 2008, that the claimant made a good faith effort to file a claim for disability benefits in July 2002. However, there is no evidence that suggests that she attempted to file a claim prior to December 30, 2004." (Tr. 5-6).

As noted above, Judge Redmond found that Plaintiff was disabled based on the application which she filed on January 4, 2005, with the protective filing date of December 30, 2004. Because SSD benefits are payable only for twelve months before application, the Commissioner paid Plaintiff benefits back to December, 2003. Plaintiff, however, alleges that she should have received benefits back to August, 2002. Plaintiff argues that this is so because in July, 2002, she attempted to file an application for SSD but that an agency employee prevented her from filing the application when the employee told her she could not file the application until she could present a better copy of her birth certificate. Plaintiff's position is that the agency's rules state that the agency must accept an application immediately and obtain a better copy of the birth certificate later.

> The Act provides in part:
>
> In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of—
>
> (A) the date on which such misinformation was provided to such individual, or
>
> (B) the date on which such individual met all the requirements for entitlement to such benefits (other than application therefor).

42 U.S.C. § 402(j)(5).

The agency's Regulations provide in part:

> **§ 404.633 Deemed filing date in a case of misinformation.**
>
> ...
> (1) The misinformation must have been provided to you by one of our employees while he or she was acting in his or her capacity as our employee. For purposes of this section, an employee includes an officer of SSA.
>
> (2) Misinformation is information which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circumstances .... In addition, for us to find that the information you received was incomplete, the employee must have failed to provide you with the appropriate, additional information which he or she would be required to provide in carrying out his or her official duties.
>
> (3) The misinformation may have been provided to you orally or in writing.
>
> (4) The misinformation must have been provided to you in response to a specific request by you to us for information about your eligibility for benefits or the eligibility for benefits of the person referred to in paragraph (b)(2)(i) of this section for which you were considering filing an application.
> ...
>
> (f) *Claim for benefits based on misinformation.* You may make a claim for benefits based on misinformation *at any time*. Your claim must contain information that will enable us to determine if we did provide misinformation to you about your eligibility for benefits ..., which caused you not to file an application for the benefits. Specifically, your claim *must be in writing* and it must explain what information was provided; how, when and where it was provided and by whom; and why the information caused you not to file an application.
> ...

20 C.F.R. § 404.633(c), (f)(emphasis supplied).

As noted above, Plaintiff indicated on her December 30, 2004, application that she had not previously applied for benefits. That is certainly true. Indeed, Plaintiff alleges that, at best,

8

she *attempted* to file an application for benefits in July, 2002. The question becomes, then, when, if at all, Plaintiff's raised her misinformation claim.

In Plaintiff's counsel's September 27, 2007, letter to the agency, Plaintiff's counsel advised, albeit incorrectly, that Plaintiff had filed a prior application in San Rafael, California, and she requested a review of that 2002 claim. The record indicates that in response to Judge Redmond's November 1, 2007, letter Plaintiff did not raise either the issue of a prior application or a misinformation claim. At the hearing Judge Redmond asked Plaintiff when she first tried to apply for SSD and Plaintiff essentially responded that she had gone to the agency's office in July, 2002, but that an agency employee told her that the agency would not accept the birth certificate she presented. Even assuming *arguendo* that none of these events constituted "raising a misinformation claim", it is clear that Plaintiff raised the issue when she requested that the Appeals Council review Judge Redmond's decision. Specifically, in his March 20, 2008, letter, Plaintiff's counsel essentially advised the Appeals Council that Plaintiff disagreed with Judge Redmond's decision to the extent that he found that she did not file her application until December 30, 2004. In addition, counsel described in detail Plaintiff's attempt to file an application for benefits on July 23, 2002.

On May 2, 2008, Plaintiff's counsel again advised the Appeals Council that Plaintiff had requested a review of Judge Redmond's decision, in part, because he found that she did not file her application until December 30, 2004. Counsel again described Plaintiff's efforts to file an application in July, 2002, and in support, submitted additional evidence in support of that claim.

As noted above, the Commissioner's Regulations provide, in part, that a person may make a claim for benefits based on misinformation *at any time.* This Court concludes that even assuming that Plaintiff did not make her misinformation claim until she requested that the Appeals

9

Council review Judge Redmond's decision, she clearly raised it at that time. By doing so, she complied with the Commissioner's Regulations allowing her to raise her misinformation claim "at any time".

At this juncture, the Court acknowledges that ordinarily, when the Appeals Council denies review, that decision is not reviewable by the Court because when the Appeals Council denies review, it is the ALJ's decision that becomes the Commissioner's final decision. However, the difference here is that Plaintiff raised her misinformation claim before the Appeals Council and the Appeals Council rejected the claim. As noted above, the Commissioner's Regulations allow an individual to raise a misinformation claim *at any time*. That is precisely what Plaintiff did in this case.

Plaintiff submitted to the Appeals Council several documents in support of her misinformation claim. However, the Appeals Council did not address that evidence in either its May 30, 2008, Notice of Appeals Council Action or in its July 11, 2008, Notice. Rather, the Appeals Council simply stated that it had relied on its review of online records in determining that Plaintiff's argument had no merit. Stated differently, the Appeals Council failed to articulate any reasons for rejecting the line of evidence which Plaintiff had submitted. In the absence of an explicit and reasoned rejection of the entire line of evidence which Plaintiff submitted to the Appeals Council, it is impossible for this Court to engage in meaningful judicial review of the Commissioner's decision. *Hurst, supra.* Accordingly, the Commissioner's decision that Plaintiff did not file an application for benefits until December 30, 2004, is not supported by substantial evidence on the record as a whole.

If the Commissioner's decision is not supported by substantial evidence, the Court

must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted); *see also, Newkirk v. Shalala,* 25 F.3d 316 (6th Cir. 1994).

The fourth sentence of 42 U.S.C. Sec. 405(g) directs the entry of a final appealable judgment even though that judgment may be accompanied by a remand order. *Sullivan v. Finkelstein,* 496 U.S. 617 (1990). The fourth sentence does not require the district court to choose between entering final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing." *Id.*

This Court concludes that not all of the factual issues have been resolved. Specifically, there is a question as to whether Plaintiff has satisfied the substantive requirements to establish her misinformation claim thereby changing her application date to July, 2002.

It is therefore recommended that the Commissioner's decision only with respect to Plaintiff's application date be reversed. It is further recommended that this matter be remanded to the Commissioner for consideration of Plaintiff's misinformation claim.

October 29, 2009.

               *s/ Michael R. Merz*
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).