**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

GWENDOLYN JOHNSON,           :

                          Case No. 3:08-cv-274

          Plaintiff,

                          District Judge Walter Herbert Rice
   -vs-                        Magistrate Judge Michael R. Merz

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"). (Doc. 24). The parties have fully briefed the issues, (*Id.*, Doc. 25, 25), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $3,334.64[1]. In support of the Motion, Plaintiff's counsel has provided an affidavit which indicates that counsel spent a total of 19.20 hours representing Plaintiff in this matter[2].

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

---

[1] This amount includes fees for the time counsel spent preparing a Reply to the Commissioner's Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. *See, Doc. 26.*

[2] These hours include the time counsel spent preparing the Reply.

> expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990).

A review of the procedural history of this matter is appropriate. Plaintiff filed her Complaint in this matter on July 29, 2008, seeking judicial review of the Commissioner's partially unfavorable decision denying her application for Social Security Disability benefits (SSD). (Doc. 1). On October 29, 2009, I issued a Report and Recommendations recommending that the matter be remanded to the Commissioner for additional administrative proceedings. (Doc. 20). On November 17, 2009, District Judge Walter Herbert Rice, noting that neither party had filed Objections to my Report, adopted my Report in its entirely. (Doc. 21). On the same date, the Clerk entered judgment accordingly. (Doc. 22). This Motion followed.

In my October, 2009, Report, I noted that, "'[t]his is an unusual case' because there is no dispute that Plaintiff is disabled and that she has been disabled during the entire pertinent time." (Doc. 20 at 1). Rather, the only issue was that of the effective date of Plaintiff's application for SSD. *Id.* Ultimately, I determined that the Commissioner's decision should be reversed and the matter remanded so that the Commissioner could make findings about whether Plaintiff had

established a "misinformation claim' and was therefore entitled to a deemed filing date of July 23, 2002. *Id.* at 10.

As an initial matter, the Court notes that in support of her present Motion, Plaintiff alleges that, "[h]er application was denied throughout the administrative appeals process" and that "[t]he decision of the Commissioner which was without substantial justification is failure to properly evaluate the treating physician opinion of Dr. Teresa Beck." (Doc. 25 at 1, 2). Of course, neither of those allegations is accurate. Rather, as noted above, there was no dispute in this case that Plaintiff was disabled during the entire pertinent time. In addition, the question was whether Plaintiff had established a misinformation claim, not whether the Commissioner had properly evaluated a treating physician's opinion. Those misstatements notwithstanding, the Court will address the merits of Plaintiff's present Motion.

There is no dispute that Plaintiff was a prevailing party for purposes of the EAJA nor is there a dispute that Plaintiff timely filed her present Motion. Rather, question is whether the Commissioner's position was substantially justified for purposes of the EAJA.

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). In other words, the government's position need not have been correct on the merits in order to be substantially justified for purposes of the EAJA. *Jankovich*, 868 F.2d at 870.

3

With these principles in mind, this Court turns to the question of whether the Commissioner's position was substantially justified. First, as I noted in my October, 2009, Report, prior to the hearing, Plaintiff's counsel submitted to the agency's hearing office a copy of a July 11, 2002, appointment confirmation which Plaintiff had received from the agency's San Rafael, California office. That confirmation indicated that Plaintiff had an appointment in that office on July 23, 2002, at 11:00 a.m. In addition, Plaintiff testified at the hearing that she had attempted to apply for benefits in July, 2002, but was informed by an agency employee that the certified copy of her black and white written birth certificate wasn't "good" and the employee did not accept her application for benefits. However, Administrative Law Judge Redmond failed to address Plaintiff's apparent prior attempt to file an application for benefits.

In addition, when Plaintiff initially sought Appeals Council review of Judge Redmond's decision, she argued that she disagreed with Judge Redmond's decision solely on the basis of his finding that had not filed her application for benefits until December 30, 2004. In addition, Plaintiff provided the Appeals Council with a copy of her July 11, 2002, Social Security Appointment Confirmation. Subsequently, Plaintiff submitted additional documentation to the Appeals Council including a receipt dated January 6, 2005, from "VCN Vital Records" for a copy of her birth certificate, a copy of a Tennessee Department of Health and Environment Tennessee Vital Records application and payment receipt dated December 4, 1990, a copy of her birth certificate issued on December 5, 1990, a copy of her birth certificate issued on January 6, 2005, and copies of two passports for Plaintiff one of which is stamped "cancelled" as of October 6, 2002, and the other of which was issued on October 9, 2002. The Appeals Council ultimately denied Plaintiff's request for review. In doing so, the Council briefly addressed Plaintiff's claim that she

4

had attempted to file an application in December, 2002, and stated, in part, that it had reviewed its online records which revealed that she had failed to attempt to file an application prior to December, 2004. However, the Appeals Council completely ignored the evidence which Plaintiff had submitted in support of her position. In other words, the Commissioner failed to provide an explicit and reasoned rejection of the evidence which Plaintiff provided in support of her misinformation claim, a claim that she is permitted to raise at any time. *See* 20 C.F.R. § 404.633. The Commissioner's failure in that regard is contrary to long-standing Sixth Circuit precedent. *See, e.g., Hurst v. Secretary of Health and Human Services,* 753 F.2d 517, 518 (6th Cir. 1985); *see also, Rogers v. Commissioner,* 486 F.3d 234 (6th Cir. 2007).

Finally, this Court notes that the Commissioner failed to object to my October 29, 2009, Report. While that failure is not determinative as to whether the Commissioner's position was substantially justified, it is a factor which this Court will take into consideration.

For the foregoing reasons, this Court concludes that the Commissioner's decision was not substantially justified.

The Court turns to the amount of the requested fee.

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions

5

of the government in the litigation. *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court has carefully reviewed counsels' affidavits and concludes that, with one exception, the number hours is reasonable, particularly in light of the outcome of the matter. However, as noted above, Plaintiff's counsel argued in support of the present Motion that "[h]er application was denied throughout the administrative appeals process" and that "[t]he decision of the Commissioner which was without substantial justification is failure to properly evaluate the treating physician opinion of Dr. Teresa Beck." Those errors indicate to the Court that counsel failed to properly proof-read the Motion before filing it. The Commissioner should not be responsible for paying fees for the preparation and filing of an erroneous argument. Therefore, the Court finds that .50 hour should be deducted from the number of hours counsel claims for a total of 18.70 hours.

The Court now turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the

Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in November, 2009, was 216.303. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.39 (216.303 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $173.75 ($125.00 x 1.39).

As noted above, Plaintiff seeks an award of $3,334,64 for 18.70 attorney hours which counsel expended on her behalf in this litigation. That fee represents a fee of over $178.00 per hours, which is beyond the allowable EAJA fee of $173.75 per hour. However, if Plaintiff's counsel were compensated at the maximum allowable EAJA hourly rate of $173.75, for his 18.70 hours of work, his EAJA fee would be $3249.12, which is $85.52 less than his requested fee. The Court concludes that under the facts of this case, an EAJA fee of $3249.12 is appropriate.

It is therefore recommended that Plaintiff's Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"), (Doc. 24), be granted to the extent that counsel be awarded $3249.12 in fees.

March 26, 2010.

*s/ Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).